IN THE OREGON TAX COURT
MAGISTRATE DIVISION
income Tax

ROBBIE MILLER            )
and LINDA MILLER,        )
                         )
            Plaintiffs,  )   TC-MD 140085C
                         )
        v.               )
                         )
DEPARTMENT OF REVENUE,   )
State of Oregon,         )
                         )
            Defendant.   )   **FINAL DECISION**

The court entered its Decision in the above-entitled matter on July 17, 2014.  The court

did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days

after its Decision was entered.  The court's Final Decision incorporates its Decision without

change.

Plaintiffs appeal Defendant's Notice of Deficiency Assessment dated January 30, 2014,

for the 2011 tax year.  A trial was held in the Oregon Tax Courtroom on July 9, 2014, in Salem,

Oregon.  Plaintiffs appeared on their own behalf.  Robbie Miller (Miller) testified on behalf of

Plaintiffs.  Robert Williamson appeared and testified on behalf of Defendant.  Plaintiffs' Exhibits

1 to 5 were received without objection.  Defendant's Exhibits A to E were received without

objection.

## I.  STATEMENT OF FACTS

The facts of this case do not appear to be in dispute.  Plaintiffs operate a small

incorporated tree felling business.  (Ptf's Ex 1 at 1.)  In 2011, Plaintiffs made payments to five

independent contractors for personal services such as timber felling and trucking.  (Def's Ex B

at 1.)  Plaintiffs did not timely issue Forms 1099 (1099s) to those contractors or file 1099s with

the federal or state taxing authorities reflecting those payments.  (*Id*.)  Plaintiffs claimed a deduction totaling $78,852.04 on their 2011 S Corporation tax return for those payments.  (*Id*.)  Defendant disallowed that deduction because Plaintiffs failed to file the required 1099s.  (*Id*.)

Before 2011, Plaintiffs had always hired incorporated subcontractors—who do not require 1099s—to perform personal services.  (Ptf's Ex 1 at 1.)  Plaintiffs had never used unincorporated independent contractors, nor had they ever submitted 1099s for personal services before the year at issue.  (*Id*.)  In addition, Miller testified Plaintiffs were unaware of their obligation to file 1099s for unincorporated independent contractors.  (*Id*.)  After discovering that they were not in compliance with Oregon tax law, Plaintiffs issued the required 1099s on May 2, 2013.  (*Id*.; Def's Ex B at 10)  Defendant denied Plaintiffs' 2011 deduction for payments made to independent contractors despite Plaintiffs' late compliance.  (Def's Ex B at 1.)

## II.  ANALYSIS

Plaintiffs seek a determination from the court granting the $78,852.04 deduction. Plaintiffs argue that they should be allowed the deduction because they would have complied with the law had they known that they were required to file 1099s for each unincorporated independent contractor.

"For purposes of determining Oregon taxable income, 'the Oregon Legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code * * * subject only to modifications specified in Oregon law.' "  *Herzog v. Dept. of Rev.*, 20 OTR 175, 177 (2010), citing *Ormsby v. Dept. of Rev.*, 18 OTR 146, 151 (2004); *see also* ORS 316.007).

As the party seeking affirmative relief, Plaintiffs have the burden of proof by a preponderance of the evidence.  ORS 305.427.[1]  A "[p]reponderance of the evidence means the

_____

[1] The court's references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2009.

greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971). Evidence that is inconclusive or unpersuasive is insufficient to sustain the burden of proof. *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990).

The Internal Revenue Code (IRC) provides in relevant part:

> "All persons engaged in a trade or business and making payment in the course of such trade or business to another person, of rent, salaries, wages * * * compensations, remunerations, * * * or other fixed or determinable gains, profits, and income * * * of $600 or more in any taxable year * * * shall render a true and accurate return to the Secretary, under such regulations and in such form and manner and to such extent as may be prescribed by the Secretary, setting forth the amount of such gains, profits, and income, and the name and address of the recipient of such payment."

IRC § 6041(a).[2]

Thus, under IRC section 6041(a), persons engaged in business who pay other persons compensation of $600 or more in a taxable year are required to report such payments to the Internal Revenue Service. The appropriate mechanism is a Form 1099. Treas Reg § 1.6041-1(a)(2). Forms 1099 must also be filed with the Oregon Department of Revenue. OAR 150-314.360(2)(a).

The IRC provides, "[t]here shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * * salaries or other compensation for personal services actually rendered." IRC § 162(a)(1). Therefore, a deduction for payments made by Plaintiffs to unincorporated independent contractors was available.

Oregon law, specifically ORS 305.217, which became law in 1988 (Or Laws 1987, ch 843, § 2), provides:

/ / /

---

[2] The court's references to the IRC and accompanying regulations are to the 1986 Code, and include updates applicable to 2011.

"No deduction shall be allowed under ORS chapter 316, 317 or 318 to an individual or entity for amounts paid as wages or as remuneration for personal services if that individual or entity fails to report the payments as required by ORS 314.360 or ORS 316.202 on the date prescribed therefor (determined with regard to any extension of time for filing) unless it is shown that the failure to report is due to *reasonable cause* and not done with the intent to evade payment of the tax imposed by ORS chapter 316 or to assist another in evading the payment of such tax."

(Emphasis added.)

The returns at issue in this case were 1099-MISC forms that Plaintiffs should have timely filed pursuant to ORS 314.360 and OAR 150-314.360(2)(a), reporting payments made by Plaintiffs to various unincorporated independent contractors for services rendered in 2011. That requirement is tied to federal law, specifically, IRC 6041(a).

OAR 150-305.217 provides in part:

"(1) An employer will not be allowed a deduction for wages or payments to individuals for personal services rendered if:

"(a) The employer does not file any information returns, such as 1099's or W-2's, as required by federal law, ORS 314.360 or 316.202[.]"

Like the statute, the accompanying regulation does provide an exception.

"(2) In the case of a failure to file as described in subsection (1)(a) of this rule, the expense will be allowed if the employer can show there was a *circumstance beyond the employer's control* that caused the failure to file returns as required by law. Refer to OAR 150-305.145(4) for examples of situations that are accepted by the department as a circumstance beyond the employer's control."

OAR 150-305.217 (Emphasis added).

OAR 150-305.145(4)(5), in turn, provides:

"(5) Penalty Waivers Due to Circumstance beyond Taxpayer Control. The department will waive all of any penalty listed in subsection (3)(a) of this rule for any tax program if there are circumstances beyond the taxpayer's control that caused the failure to file or pay. The circumstance must have existed at the time the return or payment was due. The return must be filed and the tax must be paid within a reasonable period of time depending on the facts and circumstances of each case."

OAR 150-305.145(4) lists a number of circumstances in which the department will waive a penalty imposed on a taxpayer.[3]

Under OAR 150-305.145(4), Plaintiffs had the burden of proving that a circumstance beyond their control kept them from filing the 1099s. Ignorance of the law does not qualify as a circumstance beyond Plaintiffs' control under OAR 150-305.145(4)(5), and Plaintiffs conceded that no other circumstance prevented them from filing the 1099s. (Testimony of Miller, Trial, July 9, 2014, 10:12.) Thus, Plaintiffs have failed to prove by a preponderance of the evidence that there were circumstances beyond their control that caused their failure to file the 1099s.

/ / /

/ / /

/ / /

---

[3] "(a) Circumstances that are accepted by the department as 'circumstances beyond the taxpayer's control' include, but are not limited to:
"(A) Death or serious illness of the taxpayer or a member of the taxpayer's immediate family;
"(B) Destruction by fire, a natural disaster, or other casualty of the taxpayer's home, place of business, or records needed to prepare the returns.
"(C) Unavoidable and unforeseen absence of the taxpayer from the state that began before the due date of the return;
"(D) A department employee provided erroneous written information to the taxpayer that caused the taxpayer to incur the penalty if:
"(i) The taxpayer's reliance on the erroneous written information caused the failure of the taxpayer to pay or file timely;
"(ii) The taxpayer supplied the department with complete information connected with the erroneous written information given; and
"(iii) The taxpayer could not reasonably be expected to be knowledgeable in the tax matter connected with the erroneous written information; or
"(E) The taxpayer's reliance on incorrect advice from a professional the taxpayer could reasonably assume was knowledgeable and experienced in the tax involved if:
"(i) The taxpayer's reliance on the advice caused the failure of the taxpayer to pay or file timely;
"(ii) The taxpayer supplied the professional with complete information connected with the advice given; and
"(iii) The taxpayer could not reasonably be expected to be knowledgeable in the tax matter connected with the erroneous advice.
"(b) Circumstances that are not accepted by the department as 'circumstances beyond the taxpayer's control' include, but are not limited to:
"(A) Reliance on a professional to merely prepare a return on time;
"(B) Reliance on an employee of the taxpayer to prepare a return on time;
"(C) Inability of the taxpayer to pay the tax unless there is also a cause listed in subsection (5)(a) of this rule." OAR 150-305.145(4)(5)."

### III. CONCLUSION

Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' claimed deduction totaling

$78,852.04 in payments made to independent contractors was properly denied by Defendant.

Dated this ___ day of August 2014.


_____
DAN ROBINSON
MAGISTRATE


*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within __60__ days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Dan Robinson on August 4, 2014. The court filed and entered this document on August 4, 2014.*